# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-182


ELAINE SETLIFF

VERSUS

ERMA ADAMS, INC.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 208,567
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED.**

**Ricky L. Sooter**
**Attorney at Law**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant-Appellee:**
 **Erma Adams, Inc.**

**S. Aaron Siebenicher**
**Valerie M. Thompson**
**Johnson & Siebeneicher**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**Counsel for Plaintiff-Appellant:**
 **Elaine Setliff**

**Pickett, Judge.**

The appellant, Elaine Setliff, appeals a judgment of the trial court granting summary judgment in favor of the defendant, Erma Adams, Inc., and dismissing her claims with prejudice.

## STATEMENT OF THE CASE

Erma Adams, Inc., a real estate brokerage firm, hired Elaine Setliff as a real estate agent in 1998. During a meeting of the board of directors of Erma Adams, Inc. in December 1998, the following resolution was passed:

> The motion was made and passed to change the status of officers and stockholders, amended by the three original three [sic] stockholders and owners of this Corporation.
>
> The ownership and stock is restructured to allow Elaine Setliff to become a partner in the corporation of Erma Adams, Inc. The distribution of ownership, titles and stock as follows:
>
> Erma Adams — President with 51% ownership and 312+ shares.
> Michael Adams—Vice President with 16.3% ownership and 100 shares.
> James Adams — Treasurer with 16.3% ownership and 100 shares.
> Elaine Setliff— Secretary with 16.3% ownership and 100 shares.
>
> The following motion was made:
>
> That the by-laws of the corporation be amended as follows. Add the following provision to Article V, 5.3, Subsection c — Should any shares of the Company be placed on the market, for any reason, the corporation of the Shareholders there of shall have the first right to purchase the stock. The price shall be set as follows: recognizing that this is a closely held corporation, and that the revenues of the corporation derive from personal efforts of the shareholders, the company does not keep a reserve of monies or profits, nor does it acquire assets of substantial value, that each share is valued at TEN DOLLARS ($10.00)
>
> Elaine Setliff will be expected to buy stock in the amount of $10,000 to be paid over a period of 5 to 10 years. Should she ever leave the employment of the company for any reason her shares will be offered to the company at the above value.
>
> In Addition, Life Insurance will be taken out on Elaine Setliff payable to the company in case of her death. Mark Setliff will sign a document stating he has no interest in the company. Elaine Setliff will sign a non-compete employment contract with Century 21 Erma Adams Realty.

Mrs. Setliff was present at this meeting. She paid $1,000.00 toward the purchase of the stock in January 2000. She made no other payments toward the purchase of the stock. She did serve as Secretary of the corporation as evidenced by the minutes of the meetings of the Board of Directors, and she claims she received a dividend check in 1999. Erma Adams, Inc. also purchased a life insurance policy on Mrs. Setliff.

Mrs. Setliff left the employment of Erma Adams, Inc. in February 2000. She filed this suit on April 26, 2002, seeking a judgment that she be recognized as a shareholder of Erma Adams, Inc. Following discovery, Erma Adams, Inc. filed a Motion for Summary Judgment. The trial court held a hearing on June 13, 2005. The trial court issued written reasons for judgment on August 29, 2005, in which it granted the Motion for Summary Judgment in favor of Erma Adams, Inc., awarded $1,000.00 to Mrs. Setliff as the return of the deposit she made for the purchase of the stock, and otherwise dismissed Mrs. Setliff's claims with prejudice. A judgment conforming to the written reasons was signed on October 27, 2005. Mrs. Setliff now appeals.

## ASSIGNMENT OF ERROR

The plaintiff-appellant, Mrs. Setliff, asserts one assignment of error:

> The trial court judge erred in ruling that Elaine Setliff had no ownership interest in Erma Adams, Inc.

## DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any,

2

show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.  La.Code Civ.P. art. 966(B).

In this case, Erma Adams, Inc. asserts that Mrs. Setliff never paid the full price for the shares of stock in the corporation, and thus is prohibited from asserting ownership pursuant to La.R.S. 12:52, specifically subsection C.  Louisiana Revised Statutes 12:52 states:

> A. Par value shares may be issued initially for such consideration expressed in dollars, not less than the par value thereof, as shall be fixed by the board of directors.  Shares without par value may be issued from time to time for such consideration expressed in dollars as may be fixed by the board of directors or by the shareholders by a vote of a majority of the voting power present, if the articles reserve to the shareholders the right to fix the consideration;  provided however, the consideration for such shares may be initially fixed by the incorporators.  Treasury shares may be disposed of by the corporation for such consideration as may be fixed from time to time by the board of directors.  All fully paid shares shall be nonassessable.

> B. Shares issued (1) in payment of a stock dividend, (2) pursuant to exercise of conversion rights, (3) in exchange for, or in respect of, outstanding shares pursuant to a reclassification of stock, (4) in a merger or consolidation as provided in the merger or consolidation agreement, or (5) pursuant to the authority of  R.S. 12:41(B)(9)(d) and (e) shall be considered as fully paid when so issued.

> C. The consideration for shares issued otherwise than as stated in subsection B of this section, shall be paid in cash or in corporeal or incorporeal property, or services actually rendered to the corporation, the fair value of which is not less than the dollar amount of the consideration fixed for the shares, before the shares are issued.  Upon payment of the consideration fixed therefor, such shares shall be considered as fully paid.  Cash consideration for shares may not be paid by the purchaser's note, secured or unsecured, or uncertified check;  and in case of delivery of such a note or check in payment for shares, the shares shall not be issued until the note or check has been paid in full.

> D. Solely for the purpose of determining whether shares have been paid for fully, the valuation placed by the shareholders or the directors, as the case may be, upon the consideration other than cash paid therefor shall be conclusive.

3

Erma Adams, Inc. argues that the agreement reached between Mrs. Setliff and the corporation was that Mrs. Setliff would pay cash for her shares of stock, and her failure to pay the entire amount means that the stock cannot be issued pursuant to La.R.S. 12:52(C). Mrs. Setliff argues that this case falls within the exception to subsection C of the statute. Specifically, Mrs. Setliff argues that she is entitled to an ownership interest in the corporation despite her failure to pay for the stock pursuant to the exception to La.R.S. 12:52(C) found at La.R.S. 12:52(B)(5). She argues that her shares of stock should have been issued pursuant to La.R.S. 12:41(B)(9)(d) and (e), which states:

> Without limiting the grant of power contained in Subsection A of this Section, it is hereby specifically provided that every corporation shall have authority:
>
> . . . .
>
> (9)(a) To elect or appoint officers and agents;
>
> (b) To define their duties;
>
> (c) To fix their compensation;
>
> (d) To pay pensions in cash, shares of stock, or property, and establish pension plans, pension trusts, profit sharing plans, and other incentive and benefit plans for any or all of its directors, officers, and employees; and
>
> (e) To establish stock bonus plans, stock option plans, and plans for the acquisition of any or all of its unissued shares, or of shares acquired or to be acquired, by the employees of the corporation, or by employees of subsidiary corporations, or by trustees on their behalf, which plan:
>
>> (i) May include the establishment of a special fund or funds for the purchase of such shares in which such employees during the period of their employment or any other period of time may be privileged to share on such terms as are imposed with respect thereto,

4

> (ii) May provide for the payment of any price of such shares in installments, or
>
> (iii) May provide for the delivery of such shares without any payment therefor[.]

Mrs. Setliff argues that the board of directors was empowered to establish a plan to issue stock to her as an employee which would allow for her to pay for shares of the corporation in installments pursuant to La.R.S. 12:41(B)(9)(e)(ii), and said shares could be issued prior to payment pursuant to La.R.S. 12:41(B)(9)(e)(iii). The critical element missing from Mrs. Setliff's case is any evidence of a plan to allow for the issuance of shares to her before she paid for them. Furthermore, there is no evidence that any stock was ever actually issued to Mrs. Setliff. In fact, the only evidence in the record on this point is an affidavit from C. Michael Adams stating that no stock was ever issued to Mrs. Setliff. While Mrs. Setliff took part in board meetings, she never properly paid for shares, and no shares were ever issued to her. The trial court's judgment granting the motion for summary judgment filed by Erma Adams, Inc. is affirmed.

**AFFIRMED.**